2010 BNH 005

**In re James A. RODGER and Jana M. Rodger, Debtors.**

**No. 08–11202–JMD.**

United States Bankruptcy Court, D. New Hampshire.

Feb. 5, 2010.

Order Denying Motion to Amend Feb. 26, 2010.

---

Mark P. Cornell, Esq., Cornell and Ovitt Puc, PLLC, Concord, NH, for Debtors.

Lawrence P. Sumski, Esq., Chapter 13 Trustee, Manchester, NH.

### *MEMORANDUM OPINION*

J. MICHAEL DEASY, Bankruptcy Judge.

## I. INTRODUCTION

On January 22, 2010, Lawrence Sumski, the chapter 13 trustee (the "Trustee"), filed a motion to modify the Debtors' confirmed chapter 13 plan (Doc. No. 42) (the "Motion") to require the Debtors to pay annual tax refunds to him for the remainder of the term of their plan for distribution to creditors. The Debtors filed their objection to the Motion (Doc. No. 45) (the "Objection") and the matter was scheduled for an expedited hearing with the consent of both parties. For the reasons discussed in this opinion, the Debtors' objections are overruled and the Motion shall be granted.

This Court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a) and the "Standing Order of Referral of Title 11 Proceedings to the United States Bankruptcy Court for the District of New Hampshire," dated January 18, 1994 (DiClerico, C.J.). This is a core proceeding in accordance with 28 U.S.C. § 157(b).

## II. FACTS

The Trustee filed the Motion as a result of two prior decisions by the Court. The Court has held that income tax refunds constitute disposable income which must be used to fund a debtor's chapter 13 plan. *In re Michaud,* 399 B.R. 365, 375 (Bankr. D.N.H.2008). The Court has also held that the Trustee may seek modification of plans confirmed before the *Michaud* decision with respect to future income tax refunds, but not with respect to refunds received before the filing of any motion to modify. *In re Watson,* 417 B.R. 165, 170–71 (Bankr.D.N.H.2009).

The Debtors are below median income debtors. They filed a petition under chapter 13 of the Bankruptcy Code on May 2, 2008, and their chapter 13 plan was confirmed on July 1, 2008, before the *Michaud* decision. Consistent with chapter 13 plans confirmed in this district before the implementation of the *Michaud* decision, the Debtors' plan does not contain any provision requiring them to send any annual income tax refund to the Trustee for distribution to creditors. The term of the Debtors' confirmed chapter 13 plan is five years.

## III. DISCUSSION

The Debtors object to the Motion on a number of grounds, which the Court will address in turn.

### A. Res Judicata

The Debtors contend that the Trustee could have raised the issue regarding inclusion of their income tax refunds at the time of the confirmation of their chapter 13 plan but did not do so. Therefore, they contend that res judicata bars his attempt to raise the issue through the Motion. Res judicata, however, is not a bar to post-confirmation modification of a chapter 13 plan under § 1329 of the Bankruptcy Code. *Barbosa v. Solomon,* 235 F.3d 31, 38 (1st Cir.2000); *In re Witkowski,* 16 F.3d 739, 748 (7th Cir.1994).

**B. Income Tax Refund for a Prior Year is a Vested Property Right Which a Motion to Modify May Not Affect Retroactively**

■ The Debtors contend that their tax refund for calendar year 2009 is an asset that accumulated, or was "earned," by the Debtors during a time period before the filing of the Motion and, therefore, should not be subject to any modification motion or order filed or entered after calendar year 2009. The Debtors argue that such treatment would be consistent with the treatment of income tax refunds in chapter 7 cases where the refund is prorated between the debtor and the chapter 7 estate. The Debtors' argument fails because, unlike in chapter 7, any income tax refund due to the Debtors on account of income earned in 2009 is property of the estate as it was all earned after the commencement of the case. 11 U.S.C. § 1306(a)(2).

**C. Below Median Debtors Are Not Required to Contribute Their Disposable Income Beyond the Applicable Commitment Period**

The Debtors contend that they cannot be compelled to pay any income tax refunds to the Trustee after the end of the "applicable commitment period," which is defined in § 1325(b)(4)(A)(i) of the Bankruptcy Code, because § 1325(b)(1) does not require them to pay their disposable income beyond the end of that period. Section 1325(b)(1) provides:

> If the trustee or the holder of an allowed unsecured claim objects to confirmation of the plan, then the court may not approve the plan unless, as of the effective date of the plan—
>
> . . .
>
> (B) the plan provides that all of the debtor's projected disposable income to be received in the applicable commitment period . . . will be applied to make payments to unsecured creditors under the plan.

11 U.S.C. § 1325(b)(1). Since the Debtors are "below median" and their plan does not pay unsecured creditors in full, the applicable commitment period in this case is three years. 11 U.S.C. § 1325(b)(4)(A)(i). According to the Debtors, they cannot be compelled to pay to the Trustee any income tax refunds received more than three years after the date of their first plan payment.

The Debtors' construction of § 1325(b)(1) is misplaced. Section 1325(b)(1) is not a formula for determining how much a below median debtor must pay under a chapter 13 plan. Rather, the section serves to set the minimum term of a chapter 13 plan. If a chapter 13 plan does not propose to pay unsecured creditors in full, it must have a term of at least the applicable commitment period. For above median income debtors, that period is five years. 11 U.S.C. § 1325(b)(4)(A)(ii). For below median debtors, that period is three years. 11 U.S.C. § 1325(b)(4)(A)(i). While § 1325(b)(1) does set the minimum term for chapter 13 plans that do not propose to pay unsecured creditors in full, it does not set the maximum term of a chapter 13 plan. Instead, the maximum term for a chapter 13 plan is determined under § 1322(d). For an above median debtor, the maximum term is five years, which is also the applicable commitment period. 11 U.S.C. § 1322(d)(1). For a below median debtor, the maximum term is three years, unless the Court, for cause, approves a longer period with the term of the plan not to exceed five years. 11 U.S.C. § 1322(d)(2).

■ The provisions of § 1325(b) mean that a below median debtor, whose projected disposable income will not pay unsecured creditors in full in three years or

less, may not be compelled by creditors, a trustee, or the Court to submit a plan with a longer term. The provisions of § 1322(d)(2) permit below median debtors, however, to elect to submit a plan with a longer term, not to exceed five years, if they need to do so and the Court finds cause for the longer term. Nothing in § 1322 states, or even suggests, that below median debtors are not required to submit their disposable income to fund their chapter 13 plan for the full term of the plan. Thus, § 1325(b)(1) acts solely to set the minimum term of a chapter 13 plan that debtors may be compelled to propose. If a below median debtor elects to propose a longer term than three years, and the Court for cause approves such longer term, the requirements for payment of disposable income in years four and five of the plan remain the same as those in the first three years of the plan. Nothing in the language or policies of the Bankruptcy Code suggest otherwise.

### D. Income Tax Refunds Turned Over to the Trustee Should Be Applied First to Payment Obligations in Years Four and Five to Shorten the Term of the Plan

■ The Debtors contend that, if the Motion is granted and income tax refunds must be turned over to the Trustee, those refunds should be applied first to payment obligations in years four and five of their plan, thereby shortening the plan. The basis for the Debtors' argument is that below median debtors cannot be compelled to pay their disposable income in years four and five of a confirmed plan. They argue that the Trustee is seeking to increase the payments under their confirmed plan beyond what is necessary to satisfy the requirements of the Bankruptcy Code.

This objection to the Motion fails for two reasons. First, for the reasons discussed in section III.C above, the Debtors, who voluntarily proposed and obtained confirmation of a five year plan, can be compelled to pay their disposable income during years four and five of the plan. Second, the modification before the Court only deals with payment of income tax refunds, which are disposable income, during the term of the plan proposed by the Debtors. The Motion does not propose to alter the term of the plan. If the Debtors want to propose a reduction in the term of the plan in light of the Trustee's Motion, the Debtors are free to do so. *See* 11 U.S.C. § 1329(a)(2). If and when a motion to modify the term of the plan is before the Court, the Court will determine whether the term of the plan may be modified, consistent with the requirements of the Bankruptcy Code.

### IV. CONCLUSION

For the reasons set forth in this opinion, the Motion shall be granted. This opinion constitutes the Court's findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052. The Court shall issue a separate order consistent with this opinion and the decisions in *Michaud* and *Watson.*

2010 BNH 012

### *ORDER DENYING MOTION TO ALTER OR AMEND*

Feb. 26, 2010

■ The Court has before it the Debtors' Motion for Relief from Order or to Alter/Amend Order (Doc. No. 54) (the "Motion"). A motion to alter or amend a judgment or order filed within fourteen days after the entry of the judgement or order is governed by Federal Rule of Civil Procedure ("Rule") 59, made applicable to bankruptcy proceedings by Federal Rule of Bankruptcy Procedure 9023. To be successful on a Rule 59 motion a moving party must establish a manifest error of law or fact or must present newly discovered evidence. *Landrau–Romero v. Banco Popu-*

*lar De Puerto Rico*, 212 F.3d 607, 612 (1st Cir.2000). The Motion alleges that section III.C of the Court's February 5, 2010 memorandum opinion contains a manifest error of law when it explained that the below median debtors in this case must pay their disposable income not only during the first three years of their chapter 13 plan but for the duration of the plan. *See In re Rodger*, 2010 BNH 005. The Court does not believe that the Motion presents any new or additional arguments that were not made at the original hearing and were not addressed in that memorandum opinion. However, the argument in the Motion provides greater emphasis on one line of argument made at the original hearing. Therefore, the Court shall address that line of argument.

The Debtors contend that the Bankruptcy Code [1] does not require that they pay their disposable income for the life of their chapter 13 plan. They point out that the Bankruptcy Code only requires that a chapter 13 plan "provide for the submission of all or such portion of future earnings or other future income of the debtor to the supervision and control of the trustee as is necessary for the execution of the plan." 11 U.S.C. § 1322(a)(1). The Debtors argue that the requirement in § 1325(b)(1)(B) does not solely act to set the minimum term of a chapter 13 plan, but only determines the amount of income that a below median debtor must commit to plan payments during the first three years of a plan.

The Debtors argue that the Court's decision in this matter is inconsistent with the decision in *In re Jones*, 374 B.R. 469 (Bankr.D.N.H.2007). In *Jones*, an above median debtor proposed a chapter 13 plan providing for monthly payments which were significantly less than his disposable income over the sixty month applicable commitment period, but which would pay all unsecured claims in full. The trustee objected to confirmation under § 1325(b)(1) because the debtor was not using all of his disposable income to fund the plan. Section 1325(b) was added to the Bankruptcy Code in 1984 and imposes a "disposable income test" to confirm a chapter 13 plan over the objection of a creditor or a trustee. 2 Keith M. Lundin, *Chapter 13 Bankruptcy* § 163.1 (3d ed. 2000 & Supp.2004). "Section 1325(b) was substantially amended by BAPCPA in an attempt to create a bright line test to determine whether a debtor is committing all disposable income to fund the debtor's plan." *Jones*, 374 B.R. at 470 (citing 8 Lawrence P. King, *Collier on Bankruptcy* ¶ 1325.08[1] (Alan N. Resnick & Henry J. Sommer eds., 15th rev. ed.2008)). The court in *Jones* overruled the trustee's objection to confirmation of the plan under § 1325(b)(1), as amended by BAPCPA, because "§ 1325(b)(1) requires compliance with either subsection (A) or (B), but not both." *Id.* at 471. The chapter 13 plan in *Jones* satisfied the alternative requirement in § 1325(b)(1)(A) because it was paying all unsecured claims in full, even though the plan payments were less than the debtor's disposable income. In this case, the Debtors' chapter 13 plan does not pay all unsecured claims in full. Therefore, the *Jones* decision is not applicable in this case.

■ The Debtors contend that because § 1325(b)(1) is the only provision of the Bankruptcy Code that requires disposable income to be paid into the plan, its sole

---

1. Unless otherwise indicated, in this order, the terms "Bankruptcy Code," "section" and " § " refer to title 11 of the United States Code, 11 U.S.C. §§ 101–1532, as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), Pub.L. No. 109–8.

purpose cannot be to set the minimum plan term. They argue that it also sets the maximum duration of the time period during which they can be required to pay their disposable income. The Debtor's argument is correct in the context of a below median debtor who proposes a three-year plan which does not pay all unsecured claims in full.[2] Section 1325(b)(1)(B) prohibits confirmation of a plan by a below median debtor, over the objection of the trustee or a creditor, unless the Debtors commit all of their disposable income for three years. Section 1322(d)(2) prohibits a plan term longer than three years for a below median debtor, unless the Court, for cause, approves a longer term, with a maximum of five years. Therefore, the Bankruptcy Code sets the maximum and minimum plan term for a below median debtor not paying all unsecured claims in full at three years, absent cause for a longer term.

Cause to approve a longer term would include the inability of a debtor to comply with the confirmation requirements of the Bankruptcy Code despite compliance with the disposable income test by paying their disposable income under the plan for three years. Those requirements include: (1) proposing the plan in good faith;[3] (2) satisfying the best interests of creditors test by paying each allowed unsecured claim holder at least as much as they would be paid in a chapter 7 liquidation proceeding;[4] (3) payment in full of all secured claims, as modified, or, in the case of secured claims against a debtor's principal

residence, the full claim without modification;[5] and (4) complying with the other provisions of the Bankruptcy Code.[6] Those other provisions include § 1322, which requires payment in full of all priority unsecured claims. 11 U.S.C. § 1322(a)(2).

In this case, the Debtors elected to propose and obtain confirmation of a sixty-month plan. Accordingly, the Debtors believed that cause existed when they proposed a plan in excess of three years and the Court necessarily found cause when it confirmed their chapter 13 plan on July 1, 2008. The Debtors' confirmed chapter 13 plan proposed to pay more than their disposable income over sixty months.[7] The reason the Debtors proposed paying more than their disposable income for more than the required three years is obvious from reviewing their chapter 13 plan (Doc. No. 2). They needed the increased payments and increased term to cure arrearages on secured mortgage and tax claims on their principal residence and to pay priority administrative unsecured claims for attorneys' fees and trustee fees.

If the Debtors' argument is correct, a below median debtor not paying unsecured claims in full could obtain the protections and automatic stay available under chapter 13 for a longer period of time than permitted under § 1322(d)(2) without utilizing all of their disposable income. The Bankruptcy Code only permits confirmation of a plan longer than three years for a below median debtor if "cause" exists. This Court does not believe that "cause" can exist when debtors are utilizing less than

---

**2.** Section 1325(b)(4)(B) permits confirmation of a plan proposed by a below median debtor with a term of less than three years, but only if the plan provides for payment in full of all unsecured claims.

**3.** 11 U.S.C. § 1325(a)(3).

**4.** 11 U.S.C. § 1325(a)(4).

**5.** 11 U.S.C. §§ 1325(a)(5) and 1322(b)(2).

**6.** 11 U.S.C. § 1325(a)(1).

**7.** The Debtors's schedules I and J show their disposable income as $766.33. Yet they proposed to pay an average of $1,300.83 per month for sixty months.

their disposable income during the extended term. Utilizing all of the Debtors' disposable income during the term of the plan is the policy judgment implicit in § 1322(d), as modified by § 1325(b), for all chapter 13 plans where unsecured claims are not paid in full. Below median debtors are no exception. If payment of excess income tax refunds in years four or five of the Debtors' confirmed chapter 13 plan enables them to satisfy the requirements of the Bankruptcy Code in less than sixty months, they are free to seek a further modification of their plan.

For the reasons stated above, the Court does not find any manifest error of law in its original February 5, 2010 decision. Accordingly, the Motion is DENIED.